IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:17-cr-00331-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JENNIFER SCOGGIN,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Emily M. May, Assistant United States Attorney for the District of Colorado, and the defendant, Jennifer Scoggin, personally and by counsel, John F. Sullivan, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I. AGREEMENT

### A. Defendant's Obligations

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(u), Theft of Firearms from a Federal Firearm Licensee's Inventory. The defendant further agrees to pay restitution as determined by the Court.

### B. Government's Obligations

In exchange for the defendant's plea of guilty, the government agrees to recommend the Court give the defendant full credit for acceptance of responsibility per U.S.S.G. § 3E1.1, unless the defendant engages in conduct that qualifies for the

1



obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of her guilty plea and sentencing.  The government agrees not to bring other charges against the defendant, arising from this incident, based on information currently known to the United States Attorney's Office for the District of Colorado.  Finally, the government agrees to recommend a sentence at the low end of the applicable guideline range as determined by the Court at the time of sentencing.

    C.    *Defendant's Waiver of Appeal*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 19; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly

2

retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: 18 U.S.C. § 922(u)

*First*: the defendant knowingly stole firearms from the inventory of a federal firearms licensee.

*Second*: the firearms had moved in interstate commerce.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

## III. STATUTORY PENALTIES

The maximum statutory penalties for a violation of 18 U.S.C. § 922(u) are not more than 10 years' imprisonment; not more than a $250,000 fine, or both; not more than 3 years' supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

On August 27, 2017, the defendant, along with her 18-year-old son and codefendant Camron Specht, codefendant Ryan Sharpe, codefendant Gian Carlo Vance, and an unindicted juvenile, carried out a burglary of the Dragon Arms gun store, a federally licensed firearms dealer located at 1200 Dragonman Drive in El Paso County, CO 80929. The defendant came up with the plan to burglarize the gun store, which was just down the road from defendant's house. The defendant agreed to drive her son and his friends to the store to carry out the burglary, and demanded that they take some guns for her as well. The four young men got into the defendant's car, and she covered them up with blankets and clothes to hide them from view. She then

drove to the gun store with the codefendants and the juvenile hidden inside of her car. She parked the car in front of the gun store, and got out, leaving the hidden men in the car. The defendant, who has a personal relationship with the owner of the gun store, lured him away from the store on the guise of getting ice cream in town. After the defendant and the gun store owner left, the codefendants and the juvenile made entry into the building by driving a vehicle through a garage door, entering the business, and then leaving with at least 57 handguns, shotguns and rifles. While her son and his friends were carrying out the burglary, the defendant repeatedly texted her son to let him know how much time he had remaining until she returned with the owner. Later that night, ATF agents located the defendant at her home and located several of the stolen firearms in her house. ATF Special Agent Mark Feltz advised that each of the firearms reported stolen were transported in or affected interstate commerce prior to August 27, 2017.

## ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    The base guideline is U.S.S.G. § 2K2.1(a)(7), with a base offense level of

5

12.

B. The following specific-offense characteristics apply: (1) there is a **6**-level increase pursuant to § 2K2.1(b)(1)(C) because the offense involved between 25 and 99 firearms; and (2) there is a **4**-level increase pursuant to § 2K2.1(b)(6)(B) because the defendant possessed a firearm in connection with another felony offense.

C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

D. The adjusted offense level is therefore **22**.

E. <u>Acceptance of Responsibility</u>: The parties agree that the defendant should receive a **3**-level adjustment for acceptance of responsibility. The resulting offense level therefore is **19**.

F. <u>Criminal History Category</u>: The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be **II**.

G. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. <u>Imprisonment</u>: The advisory guideline range resulting from these calculations is **33 to 41** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 30 months (bottom of Category I) to 78 months (top of Category VI).

The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

I. <u>Fine</u>: Pursuant to guideline § 5E1.2, under the estimated offense level calculated by the government, the fine range for this offense would be **$10,000 to $100,000**, plus applicable interest and penalties.

J. <u>Supervised Release</u>: Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than three years.

K. The parties estimate that $1,800 restitution is owed in this case. The defendant agrees to pay restitution as determined by the Court.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it

deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VI. ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10/1/18

Jennifer Scoggin
Defendant

Date: 9/30/18

John F. Sullivan
Attorney for Defendant

Date: 10/1/18

Emily M. May
Assistant U.S. Attorney

8